# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO
## DENVER DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-15148 |
| Garrett Nathaniel Kidd | CHAPTER 7 |
| Debtor. | JUDGE: Michael E. Romero |

| | |
|---|---|
| Jared Walters | |
| Plaintiff. | |
| V | Adv. Proc. No.: 20-01298 |
| Carvana, LLC | |
| Defendant. | |

### CARVANA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER TRANSFERS AND RECOVER PROPERTY OF THE ESTATE

Defendant, Carvana, LLC ("Defendant"), by and through its counsel Jon J. Lieberman, Esq., hereby denies each allegation set forth in Plaintiff's Complaint to Avoid and Recover Transfers and Recover Property of the Estate unless specifically admitted herein and further answers as follows:

### JURISDICTION AND VENUE

1. Defendant admits the allegations contained in paragraph one (1) of Plaintiff's Complaint.
2. Defendant admits the allegations contained in paragraph two (2) of Plaintiff's Complaint.
3. Defendant admits the allegations contained in paragraph three (3) of Plaintiff's Complaint.
4. Defendant admits the allegations contained in paragraph four (4) of Plaintiff's Complaint.

5. Defendant also consents to the entry of final orders and judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

6. Defendant admits the allegations contained in paragraph six (6) of Plaintiff's Complaint.
7. Defendant admits the allegations contained in paragraph seven (7) of Plaintiff's Complaint.
8. Defendant admits the allegations contained in paragraph eight (8) of Plaintiff's Complaint.
9. Defendant denies the allegations contained in paragraph nine (9) of Plaintiff's Complaint for lack of sufficient knowledge.
10. Defendant admits the allegations contained in paragraph ten (10) of Plaintiff's Complaint.
11. Defendant admits the allegations contained in paragraph eleven (11) of Plaintiff's Complaint.
12. Defendant denies the allegations contained in paragraph twelve (12) of Plaintiff's Complaint for lack of sufficient knowledge.
13. Defendant admits the allegations contained in paragraph thirteen (13) of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF
### (Avoidable transfer under 11 U.S.C. § 544)

14. Defendant incorporates by reference its prior answers contained in paragraphs 1 through 13 above as though more fully set forth in this Claim for Relief.
15. Defendant denies the allegations in paragraph fifteen (15) of Plaintiff's Complaint.
16. Defendant denies the allegations in paragraph sixteen (16) of Plaintiff's Complaint only to the extent that it may infer that Defendant's lien is avoidable.
17. Defendant denies the allegations in paragraph seventeen (17) of Plaintiff's Complaint.
18. Defendant denies the allegations in paragraph eighteen (18) of Plaintiff's Complaint.
19. Defendant denies the allegations in paragraph nineteen (19) of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
### (Preservation of lien under 11 U.S.C. § 551)

20. Defendant incorporates by reference its prior answers contained in paragraphs 1 through 19 above as though more fully set forth in this Claim for Relief.
21. Defendant denies the allegations in paragraph twenty-one (21) as it presumes that the lien is avoidable, and states a legal conclusion.
22. Defendant denies the allegations in paragraph twenty-two (22) of Plaintiff's complaint as it presumes that the lien/transfer is avoidable.

## THIRD CLAIM FOR RELIEF
### (Recovery of value of avoided lien pursuant to 11 U.S.C. § 550(a))

23. Defendant incorporates by reference its prior answers contained in paragraphs 1 through 22 above as though more fully set forth in this Claim for Relief.
24. Defendant denies the allegations in paragraph twenty-four (24) of Plaintiff's complaint, as it presumes the transfer or lien is avoidable.
25. Defendant denies the allegations in paragraph twenty-five (25) of Plaintiff's complaint as it presumes the transfer or lien is avoidable.
26. Defendant denies the allegations contained in paragraph twenty-six (26) of Plaintiff's complaint as it presumes the lien is avoidable.
27. Defendant denies the allegations in paragraph twenty-seven (27) of Plaintiff's complaint as it presumes the transfer or lien is avoidable.
28. Defendant denies the allegations in paragraph twenty-eight (28) of Plaintiff's complaint as it presumes the lien is avoidable.

## FOURTH CLAIM FOR RELIEF
### (Avoidable transfers under 11 U.S.C. § 547(b))

29. Defendant incorporates by reference its prior answers contained in paragraphs 1 through 28 above as though more fully set forth in this Claim for Relief.

30. Defendant denies the allegations in paragraph thirty (30) of Plaintiff's complaint for lack of sufficient knowledge.

31. Defendant denies the allegations in paragraph thirty-one (31) of Plaintiff's complaint as any such payments would be "normal course of financial affairs" payments, and it has not been established that the Debtor was insolvent.

32. Defendant denies the allegations in paragraph thirty-two (32) of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The Code does not provide for the relief sought by Plaintiff in the form and manner alleged by Plaintiff.

3. Plaintiff has failed to plead with specificity.

4. Bankruptcy law recognizes a "Substantial Compliance Doctrine."

5. Defendant reserves the right to amend these affirmative defenses.

WHEREFORE, Defendant respectfully prays this Court dismiss the Complaint with prejudice, an award of its attorney fees, and for all other relief as is just and proper.

Dated: November 13, 2020

/s/ Jon J. Lieberman
Jon Lieberman (OH 0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: (513) 444.4100
bankruptcy@sottileandbarile.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 13, 2020, I served by prepaid first class mail a copy of the Answer on all parties at the following addresses:

Jared Walters, Chapter 7 Trustee
PO Box 804
Eagle, CO 81631

David Wadsworth, Counsel for Trustee

Wadsworth Garber Warner Conrardy, P.C.
2580 West Main Street, Suite 200
Littleton, CO 80120
dwadsworth@wwc-legal.com

Garrett Nathaniel Kidd, Debtor
3152 Maiah Ct
Grand Jct, CO 81504-5897

Don W. Bell, Counsel for Debtor
315 Ouray Ave.
Grand Junction, CO 81501

                                              /s/ Jon J. Lieberman
                                              Jon Lieberman (OH 0058394)